AUSA: Barbara Lanning  Telephone: (313) 226-9191
Special Agent: Christopher E. Loperfido, ATF  Telephone: (313) 202-3400

AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Javonte Briggs

Case No. Case: 2:25−mj−30344
Assigned To : Unassigned
Assign. Date : 5/29/2025
USA V. BRIGGS (CMP)(CMC)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 27, 2024__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_Complainant's signature_

Christopher E. Loperfido, Special Agent, ATF
_Printed name and title_

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: May 29, 2025

_Judge's signature_

City and state: Detroit, MI

Hon. David R. Grand, United States Magistrate Judge
_Printed name and title_

# AFFIDAVIT

I, Christopher E. Loperfido, being duly sworn, depose and state the following:

## I. INTRODUCTION

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and have been so employed since December 2018. I am currently assigned to the ATF Detroit Field Division. I have received extensive training on firearms identification and common scenarios involving firearms trafficking.

2. During my employment with ATF, I have assisted with investigating criminal violations relating to firearms, violent crime, and controlled substances. I have participated in many aspects of criminal investigations, including, but not limited to, interviews, physical surveillance, and the execution of search warrants.

3. I make this affidavit from personal knowledge based on my participation in this investigation, including interviews conducted by myself and/or other law enforcement agents, communications with others who have personal knowledge of the events and circumstances described herein, review of reports by myself and/or other law enforcement agents, and information gained through my training and experience. The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all the information known to law enforcement related to this investigation.

4.     The ATF is currently conducting a criminal investigation concerning Javonte BRIGGS, for violation of 18 U.S.C. § 922(g) (felon in possession of a firearm).

## II.     PROBABLE CAUSE

5.     I reviewed records related to BRIGG's criminal history and learned the following:

   a. On or about December 14, 2016, BRIGGS was arrested and charged with one count of deliver/manufacture a schedule 4 controlled substance. On or about September 27, 2017, BRIGGS pleaded guilty as charged in Macomb County's 16th Circuit Court. BRIGGS was subsequently sentenced to 120 days incarceration followed by 18 months' probation;

   b. On or about May 16, 2017, BRIGGS was arrested and charged with one count of deliver/manufacture cocaine/heroin less than 50 grams. On or about August 14, 2017, BRIGGS pleaded guilty to a reduced count of attempt deliver/manufacture cocaine/heroin less than 50 grams in Wayne County's 3rd Circuit Court. BRIGGS was subsequently sentenced to 18 months' probation

6.     Based on my training and experience, defendants are warned of the maximum penalty when they enter a plea of guilty to a felony. Further, defendants

2

are advised that they are pleading guilty to a felony. Additionally, based on the number of BRIGGS's felony convictions and the recency of those convictions, there is reason to believe that BRIGGS is aware of his status as a convicted felon.

7. On May 27, 2024, officers from the Detroit Police Department were dispatched to an address on Fairmount Street for a domestic violence/felonious assault police run.

8. Responding officers spoke with Adult Victim 1 ("AV 1"), who reported that she had been assaulted by her child's father, Javonte BRIGGS. AV-1 reported that BRIGGS punched her, kicked her, and pistol whipped her with a black handgun. AV-1 reported that she tried to get away, but that BRIGGS followed her. AV-1 reported that while they were in the back yard of the residence, BRIGGS fired his handgun near her ear.

9. Officers obtained security footage from the exterior of the residence, which captured—on audio and video—a portion of the assault. The first part of the video showed BRIGGS dragging AV-1 out of the house, telling her "If you don't move, I promise I'm going to shoot your ass." The second part of the video showed BRIGGS dragging AV-1 by her hair, kicking AV-1 in the face as he called her a "bitch", and ultimately firing a shot in the direction of AV-1's dog.

10. On June 12, 2024, officers arrested BRIGGS during a traffic stop. At the time, BRIGGS was the passenger in his girlfriend's ("C.M.") vehicle.

11. On June 13, 2024, officers executed a search warrant at C.M.'s house in Eastpointe, Michigan, where BRIGGS had been staying. C.M. was present in the home at the time of the search. During the search, officers recovered the following:

    a. A Glock model 19 handgun, loaded with 15 live rounds, located in a bedroom, stashed behind the headboard.

    b. A quantity of suspected heroin.

12. The Glock model 19 handgun recovered by law enforcement was capable—on its own—of holding one round of live ammunition in the chamber of the firearm. The Glock model 19 handgun recovered by law enforcement was also equipped with a magazine capable of holding 15 rounds of ammunition. Between the chamber of the firearm and the high-capacity magazine, the Glock model 19 handgun was capable of carrying sixteen live rounds. However, the Glock model 19 handgun was only loaded with fifteen live rounds, suggesting that one round was missing from the firearm.

13. On June 13, 2024, while incarcerated at the Detroit Detention Center, BRIGGS called C.M. on a recorded jail line. During the call, C.M. told BRIGGS officers came to her house with a search warrant and the following conversation transpired:

> C.M.: They searched the house.
> *Briggs: SERIOUS?!*
> C.M.: Yeah.
> *Briggs: For me?!*
> C.M.: Yeah.
> *Briggs: And did they find the shit?*
> C.M.: Yes.
> *Briggs: Oh my god—serious?*
> C.M.: Yeah.

Later, during the same call, C.M. told BRIGGS the officers "found the gun behind the bed," and that they found BRIGGS's "work." In response, BRIGGS told C.M. "[s]o it's over, huh?" Later, BRIGGS denied "the shit" was his and asked if C.M. told the police it wasn't his. C.M. responded that she didn't say anything.

14. In my training and experience, I know "work" to be slang for controlled substances, including heroin.

15. On May 22, 2025, I contacted ATF Interstate Nexus Expert, Special Agent Kara Klupacs, and provided information about the Glock, model 19, 9mm pistol. SA Klupacs concluded that the firearm was manufactured outside the State of Michigan. SA Klupacs also concluded that the pistol is a firearm as defined in Title 18 U.S.C., Chapter 44, Section 921(a)(3).

III. **CONCLUSION**

16. Probable cause exists to believe that between May 27, 2024, and June 13, 2024, in the Eastern District of Michigan, Javonte BRIGGS, a convicted felon, was in possession of a firearm, manufactured outside the state of

5

Michigan, knowing that he was a felon and prohibited from possessing a firearm, in violation of Title 18, U.S.C. § 922(g)(1).

                                                  Christopher E. Loperfido, Agent
                                                  Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to before me and signed in my presence
And/or by reliable electronic means

_____
Honorable David R. Grand
United States Magistrate Judge

Dated: May 29, 2025

6